OPINION
Keith Weber appeals from a judgment of the probate court determining that appellee John Weber did not spend the funds of decedent, Rita Weber, for his own benefit. Keith contends that the judgment is against the manifest weight of the evidence.
Upon review of the record, we conclude that there is evidence from which the probate court could reasonably find that John Weber expended the decedent's funds with her knowledge and consent. Accordingly, the judgment of the probate court is Affirmed.
 I
John and Keith Weber are the sons of decedent, Rita Weber. In 1986, Rita moved into John's home because she had become physically infirm. John and Rita opened a joint and survivorship checking account at Citizens Federal Savings and Loan. It is undisputed that all assets in that account belonged solely to Rita. It is also undisputed that John signed the checks written on that account, and that numerous expenditures were made during the course of Rita's lifetime.
Rita died in 1996. Both Keith and John applied to be the executor of her estate.[1] The probate court, however, appointed a local attorney to act as administrator of the estate. The administrator was unable to determine the assets of the estate. Keith made a claim that John had, during Rita's lifetime, improperly expended funds, belonging solely to Rita, from the joint account. He argued that John could not show that he did not benefit from the use of the funds or that Rita was fully aware of his use of the funds. Therefore, he claimed that John should be required to return the monies spent during Rita's lifetime to the estate.
The probate court held a hearing to determine the assets in the estate. Following the evidentiary hearing, the probate court entered an order finding that John had expended the monies on Rita's behalf, with her knowledge and consent. From this judgment, Keith appeals.
 II
The sole Assignment of Error is as follows:
 THE TRIAL COURT'S DECISION THAT THERE WAS SUFFICIENT EVIDENCE TO REBUT THE PRESUMPTION THAT THE RESPONDENT-APPELLEE USED THE ASSETS OF RITA B. WEBER FOR HIS OWN BENEFIT DURING HER LIFETIME IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Keith Weber contends that the trial court erred when it determined that the evidence supported a finding that John Weber had rebutted the presumption that he used the assets of Rita Weber for his own benefit during her lifetime.
In reviewing an argument that a judgment is against the manifest weight of the evidence a reviewing court must evaluate the findings of the trial court under a presumption that those findings are correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. So long as there is "some competent, credible evidence" to support the judgment, it will not be reversed. Id. The trial court, as the trier of fact, is in the best position to weigh the credibility of the witnesses. Id.
As a preliminary matter, we note that there is no evidence in the record to indicate that the opening of the joint and survivorship account was the result of fraud, duress, undue influence, or lack of capacity on the part of Rita. Therefore, the opening of the account is conclusive evidence that Rita intended to benefit John upon her death. Wright v. Bloom (1994), 69 Ohio St.3d 596, paragraph two of the syllabus. The funds in the account, which undisputedly belonged to Rita, did not become John's property during Rita's lifetime absent a showing that Rita so intended. Ross v. Barker (1995), 101 Ohio App.3d 611, 616. Thus, the question for determination on this appeal is whether the trial court erred in finding that John properly expended the monies in the account during Rita's lifetime.
If it were determined that John's expenditure of the monies in the account was not proper, it would appear that the proper remedy would be for John to restore those funds to the account, which would then pass right back to John as the survivor, the account having been a joint and survivorship account, and there being no question that his mother understood the significance of a joint and survivorship account when it was established. However, we need not concern ourselves with the proper remedy for an improper expenditure from the account, since we conclude that the trial court's decision that the expenditures were proper is not against the manifest weight of the evidence.
This court has addressed a situation similar to the facts here in Ross, supra, wherein we affirmed a probate court order requiring an executor to repay funds expended by the executor from joint and survivor accounts owned by the executor and the decedent during the decedent's lifetime. We held that absent clear and convincing evidence of an intent on the part of the decedent to permit the joint account holder to use the decedent's portion of the money during the lifetime of the decedent, it is presumed that the money is used for the benefit of the joint account holder rather than for the benefit of the decedent. Id., at 616. We further held that the presumption may be rebutted by evidence demonstrating that in obtaining the benefit the joint account holder acted with the "utmost good faith" and that the decedent conferred the benefit on the joint holder "with a full knowledge and understanding of the circumstances." Id. In Ross, the probate court found, following a hearing, that the decedent did not understand the nature of the joint and survivorship account. The holding was based upon a finding that the decedent was elderly, infirm, illiterate, had never handled his own funds, and did not know how to write a check. Id., at 617. Upon review of the record, we agreed with the probate court.
In this case, the probate court found, based upon the evidence presented by John and Keith, that John made payments out of the account with Rita's knowledge and approval. The court also found that Rita never lost her mental faculties, that she gave John full discretion to use her funds, and that she did not place any restrictions on the use of the funds. Based upon its findings, the probate court concluded that John had rebutted the presumption that he had used the funds for his own benefit, and found that Rita had full knowledge and understanding of the circumstances. The probate court also found Ross distinguishable based upon the fact that the evidence did not show that Rita was infirm, illiterate or otherwise susceptible to influence.
From our review of the record, we conclude that there is evidence from which a trier of fact could reasonably find that the funds used during Rita's lifetime were used in good faith with her full consent, knowledge and understanding. We conclude that the judgment is not against the manifest weight of the evidence, and overrule Keith's sole Assignment of Error.
 III
The sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
GRADY and POWELL, J.J., concur.
(Honorable Stephen J. Powell, of the Court of Appeals for the Twelfth District of Ohio, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
[1] In her will, Rita appointed John to be executor.